314774

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

VALERIE A. DePAOLO, as Adminstratrix of the Estate of WILLIAM DePAOLO, CHERYL MORAN and BARRY DePAOLO,
Plaintiffs,

v.

ELIZABETH DELUDE-DIX,
Defendant.

C.A. No. 08-

CA 08 236S

## COMPLAINT

1. Plaintiff Valerie A. DePaolo is a resident of the Town of Southington, State of Connecticut.

2. Plaintiff Valerie A. DePaolo is the adminstratrix of the estate of her deceased father, William DePaolo (see attached Appointment of Administrator at Exhibit A).

3. Plaintiff Cheryl Moran is a resident of Town of Southington, State of Connecticut.

4. Plaintiff Barry DePaolo is a resident of the Town of Southington, State of Connecticut.

5. William DePaolo ("Plaintiff's Decedent") was a resident of the Town of Plantsville, State of Connecticut.

6. Plaintiff Barry DePaolo is the son of Plaintiff's Decedent.

7. Plaintiff Cheryl Moran is a close relative of Plaintiff's Decedent.

8. Plaintiff Cheryl Moran is the wife of Barry DePaolo.

9. Defendant Elizabeth Delude-Dix ("Defendant") is a resident of the Town of Jamestown, County of Newport, State of Rhode Island.

## FACTS

10. On or about July 25, 2006, Defendant was operating a motor vehicle in the Town of Newport, Rhode Island.

11. On or about July 25, 2006, Plaintiff's Decedent was crossing America's Cup Avenue on foot in the Town of Newport, Rhode Island.

12. At all times relevant hereto, Plaintiff's Decedent was acting in the exercise of due care.

13. On or about July 25, 2006, Plaintiff Cheryl Moran was crossing America's Cup Avenue on foot in the Town of Newport, Rhode Island.

14. At all times relevant hereto, Plaintiff Cheryl Moran was acting in the exercise of due care.

15. On or about July 25, 2006, Plaintiff Barry DePaolo was walking near America's Cup Avenue with Plaintiff's Decedent and Plaintiff Cheryl Moran in the Town of Newport, Rhode Island.

16. At all times relevant hereto, Plaintiff Barry DePaolo was acting in the exercise of due care.

17. On or about July 25, 2006, the motor vehicle operated by Defendant struck the Plaintiff's Decedent.

18. On or about July 25, 2006, the motor vehicle operated by Defendant struck Plaintiff Cheryl Moran.

19. On or about July 25, 2006, Plaintiff Cheryl Moran witnessed the motor vehicle operated by Defendant strike her close relative, the Plaintiff's Decedent.

20. On or about July 25, 2006, Plaintiff Barry DePaolo witnessed the motor vehicle operated by Defendant strike his father, the Plaintiff's Decedent.

21. On or about July 25, 2006, Plaintiff Barry DePaolo witnessed the motor vehicle operated by Defendant strike his wife, Plaintiff Cheryl Moran.

22. Plaintiff's Decedent died as a result of the injuries he sustained from being struck by the motor vehicle operated by Defendant.

23. Plaintiff Cheryl Moran sustained serious injuries after being struck by the vehicle operated by Defendant.

24. Plaintiff Barry DePaolo suffered injuries as a result of the Defendant's negligent operation of her vehicle.

## JURISDICTION AND VENUE

25. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a), 2201 and 2202 because diversity of citizenship exists between the Plaintiffs and the Defendants.

26. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000).

## COUNT I
## (WRONGFUL DEATH)

27. The Plaintiffs incorporate by reference all allegations in Paragraphs 1-26 as if fully stated herein.

28. On and about July 25, 2006, Defendant had a duty to operate, control and/or drive her motor vehicle in a reasonable manner with due and proper care for her safety and the safety of others.

29. On or about July 25, 2006, Defendant was operating, controlling and/or driving her motor vehicle in the County of Newport in the State of Rhode Island in a negligent manner with reckless disregard for the safety of others.

30. As a direct and proximate result of Defendant's negligent operation of her motor vehicle, the Plaintiff's Decedent suffered serious injuries that led to his wrongful death.

31. As a direct and proximate result of Defendant's negligent operation of her motor vehicle, the Plaintiff's Decedent died on July 30, 2006.

32. As a direct and proximate result of the Defendant's negligence, the Plaintiff's Decedent and/or his Estate have incurred hospital, medical and other expenses, all of which are reimbursable under R.I.G.L. § 10-7-5 and were otherwise damaged.

33. By reason of the death of the Plaintiff's Decedent, his Estate and beneficiaries have suffered damages as set forth in R.I.G.L. § 10-7-5, et seq.

WHEREFORE, Plaintiff Valerie DePaolo, as adminstratrix of the Estate of William DePaolo, demands judgment against Defendant Elizabeth Delude-Dix in an amount sufficient to satisfy the jurisdiction of this Court, plus interest, costs and whatever further relief this Honorable Court deems appropriate.

## COUNT II
## (NEGLIGENCE)

34. The Plaintiffs incorporate by reference all allegations in Paragraphs 1-26 as if fully stated herein.

35. On and about July 25, 2006, Defendant had a duty to operate, control and/or drive her motor vehicle in a reasonable manner with due and proper care for her safety and the safety of others.

36. On or about July 25, 2006, Defendant was operating, controlling and/or driving her motor vehicle in the County of Newport in the State of Rhode Island in a negligent manner with reckless disregard for the safety of others.

37. As a direct and proximate result of the negligence and/or recklessness of Defendant, Plaintiff Cheryl Moran suffered serious personal injuries and was otherwise damaged.

WHEREFORE, Plaintiff Cheryl Moran demands judgment against Defendant in an amount sufficient to satisfy the jurisdiction of this Court, plus interest, costs and whatever further relief this Honorable Court deems appropriate.

## COUNT III
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

38. The Plaintiffs incorporate by reference all allegations in Paragraphs 1-26 as if fully stated herein.

39. On and about July 25, 2006, Defendant had a duty to operate, control and/or drive her motor vehicle in a reasonable manner with due and proper care for her safety and the safety of others.

40. On or about July 25, 2006, Defendant was operating, controlling and/or driving her motor vehicle in the County of Newport in the State of Rhode Island in a negligent manner with reckless disregard for the safety of others.

41. As a direct and proximate result of the negligence and/or recklessness of Defendant, Plaintiff's Decedent suffered injuries that led to his death.

42. Plaintiff Cheryl Moran witnessed the motor vehicle operated by Defendant strike and injure the Plaintiff's Decedent.

43. As a direct and proximate result of witnessing Defendant's vehicle strike and injure the Plaintiff's Decedent, Plaintiff Cheryl Moran suffered severe injuries, severe emotional distress and was otherwise damaged.

44. As a direct and proximate result of the negligence and/or recklessness of Defendant, the Plaintiff Cheryl Moran suffered severe injuries, severe emotional distress and was otherwise damaged.

WHEREFORE, Plaintiff Cheryl Moran demands judgment against Defendant in an amount sufficient to satisfy the jurisdiction of this Court, plus interest, costs and whatever further relief this Honorable Court deems appropriate.

## COUNT IV
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

45. The Plaintiffs incorporate by reference all allegations in Paragraphs 1-26 as if fully stated herein.

46. On and about July 25, 2006, Defendant had a duty to operate, control and/or drive her motor vehicle in a reasonable manner with due and proper care for her safety and the safety of others.

47. On or about July 25, 2006, Defendant was operating, controlling and/or driving her motor vehicle in the County of Newport in the State of Rhode Island in a negligent manner with reckless disregard for the safety of others.

48. As a direct and proximate result of the negligence and/or recklessness of Defendant, Plaintiff's Decedent suffered severe injuries that led to his death.

49. As a direct and proximate result of the negligence and/or recklessness of Defendant, Plaintiff Cheryl Moran suffered severe physical injuries, severe emotional distress and was otherwise damaged.

50. Plaintiff Barry DePaolo witnessed the motor vehicle negligently and/or recklessely operated by Defendant strike and injure his father, the Plaintiff's Decedent.

51. Plaintiff Barry DePaolo witnessed the motor vehicle negligently and/or recklessly operated by Defendant strike and injure his wife, Plaintiff Cheryl Moran.

52. As a direct and proximate result of witnessing the Defendant's vehicle strike and injure the Plaintiff's Decedent, Plaintiff Barry DePaolo suffered injuries, emotional distress and was otherwise damaged.

53. As a direct and proximate result of witnessing the Defendant's vehicle strike and injure his wife, Cheryl Moran, Plaintiff Barry DePaolo suffered injuries, emotional distress and was otherwise damaged.

WHEREFORE, Plaintiff Barry DePaolo demands judgment against Defendant in an amount sufficient to satisfy the jurisdiction of this Court, plus interest, costs and whatever further relief this Honorable Court deems appropriate.

**PLAINTIFFS DEMAND A JURY TRIAL AS TO ALL COUNTS.**

The Plaintiffs,
Valerie A. DePaolo, Cheryl Moran and
Barry DePaolo
By Their Attorneys,

Sheri L. Pizzi
R.I. Bar No. 5720
Matthew M. Mannix
R.I. Bar No. 7646
TAYLOR, DUANE, BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

(401) 273-7171
(401) 273-2904/Facsimile