**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| VALERIE A. DePAOLO, as Administratrix of the Estate of WILLIAM DePAOLO, CHERYL MORAN and BARRY DePAOLO, Plaintiffs, | ) | CA. No. 08-2365 S |
| v. | ) | |
| ELIZABETH DELUDE-DIX, Defendant. | ) | |

**ANSWER**

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one of the complaint.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph two of the complaint.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph three of the complaint.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph four of the complaint.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph five of the complaint.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph six of the complaint.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph seven of the complaint.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eight of the complaint.

9. Defendant admits the allegations contained in paragraph nine of the complaint.

**FACTS**

10. Defendant admits the allegations contained in paragraph ten of the complaint.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eleven of the complaint.

12. Defendant denies the allegations contained in paragraph twelve of the complaint.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirteen of the complaint.

14. Defendant denies the allegations contained in paragraph fourteen of the complaint.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph fifteen of the complaint.

16. Defendant denies the allegations contained in paragraph sixteen of the complaint.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph seventeen of the complaint.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eighteen of the complaint.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph nineteen of the complaint.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty of the complaint.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-one of the complaint.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-two of the complaint.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-three of the complaint.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-four of the complaint.

**JURISDICTION AND VENUE**

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-five of the complaint.

26. Defendant admits the allegations contained in paragraph twenty-six of the complaint.

**COUNT I**
**(WRONGFUL DEATH)**

27. The Defendant restates her answers to the allegations contained in in Paragraphs 1-26 and incorporates the same by reference as her answer to paragraph twenty-seven of the complaint.

28. Defendant admits the allegations contained in paragraph twenty-eight of the complaint.

29. Defendant denies the allegations contained in paragraph twenty-nine of the complaint.

30. Defendant denies the allegations contained in paragraph thirty of the complaint.

31. Defendant denies the allegations contained in paragraph thirty-one of the complaint.

32. Defendant denies the allegations contained in paragraph thirty-two of the complaint.

33. Defendant denies the allegations contained in paragraph thirty-three of the complaint.

WHEREFORE, the defendant requests that judgment be entered in her favor with costs and such relief as this Court deems just and proper as to Count I.

**COUNT II**
**(NEGLIGENCE)**

34. The Defendant restates her answers to the allegations contained in Paragraphs 1-33 and incorporates the same by reference as her answer to paragraph thirty-four of the complaint.

35. The Defendant admits the allegations contained in paragraph thirty-five of the complaint.

36. The Defendant denies the allegations contained in paragraph thirty-six of the complaint.

37. The Defendant denies the allegations contained in paragraph thirty-seven of the complaint.

WHEREFORE, the defendant requests that judgment be entered in her favor with costs and such relief as this Court deems just and proper as to Count II.

**COUNT III**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

38. The Defendant restates her answers to the allegations contained in Paragraphs 1-37 and incorporates the same by reference as her answer to paragraph thirty-eight of the complaint.

39. The Defendant admits the allegations contained in paragraph thirty-nine of the complaint.

40. The Defendant denies the allegations contained in paragraph forty of the complaint.

41. The Defendant denies the allegations contained in paragraph forty-one of the complaint.

42. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph forty-two of the complaint.

43. The Defendant denies the allegations contained in paragraph forty-three of the complaint.

44. The Defendant denies the allegations contained in paragraph forty-four of the complaint.

WHEREFORE, the defendant requests that judgment be entered in her favor with costs and such relief as this Court deems just and proper as to Count III.

**COUNT IV**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

45. The Defendant restates her answers to the allegations contained in Paragraphs 1-44 and incorporates the same by reference as her answer to paragraph forty-five of the complaint.

46. The Defendant admits the allegations contained in paragraph forty-six of the complaint.

47. The Defendant denies the allegations contained in paragraph forty-seven of the complaint.

48. The Defendant denies the allegations contained in paragraph forty-eight of the complaint.

49. The Defendant denies the allegations contained in paragraph forty-nine of the complaint.

50. The Defendant denies the allegations contained in paragraph fifty of the complaint.

51. The Defendant denies the allegations contained in paragraph fifty-one of the complaint.

52. The Defendant denies the allegations contained in paragraph fifty-two of the complaint.

53. The Defendant denies the allegations contained in paragraph fifty-three of the complaint.

WHEREFORE, the defendant requests that judgment be entered in her favor with costs and such relief as this Court deems just and proper as to Count IV.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted against the defendant, Elizabeth Delude-Dix, as there was no duty owed or breach of duty under the circumstances.

2. The allegations contained in Count III fail to state a claim upon which relief can be granted, as the plaintiffs cannot show a prima-facie case of negligent infliction of emotional distress.

3. The allegations contained in Count IV fail to state a claim upon which relief can be granted, as the plaintiffs cannot show a prima-facie case of negligent infliction of emotional distress.

4. If the plaintiffs sustained any injuries or damages, they were as a result of the negligence of others for whom this defendant is not responsible.

5. Plaintiffs William DePaolo, Cheryl Moran and Barry DePaolo were comparatively negligent and any award to the plaintiffs should be reduced by their comparative negligence.

**JURY DEMAND**

The Defendant hereby demands a trial by jury on all claims raised in this matter.

WHEREFORE, defendant Elizabeth Delude-Dix, requests that judgment enter in her favor, with costs, and such other relief as the court deems proper.

Elizabeth Delude-Dix
Defendant,
By her attorney,

Faith A. LaSalle

Faith A. La Salle (#2212)
One Turks Head Place
76 Westminster Street, Suite 1010
Providence, RI 02903
401-421-8080
401-421-0677 (Fax)
Email: flasalle@lasallelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed on this 21st of July, 2008, via first class mail, a true and accurate copy of Defendant's Answer to the following attorneys of record: Sheri I. Piza and Matthew M Mannix, Taylor, Duane, Barton & Gilman, LLP, 10 Dorrance Street, Suite 700, Providence, RI 02903 and hand-delivered the original to United States District Court, District of Rhode Island, One Exchange Terrace, Providence, RI 02903.

Stacy K. Hurley