**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| VALERIE A. DePAOLO, as Administratrix of the Estate of WILLIAM DePAOLO, CHERYL MORAN and BARRY DePAOLO, Plaintiffs, | |
| v. | C.A. No. 08-236S |
| ELIZABETH DELUDE-DIX, Defendant. | |

## PLAINTIFFS' STATEMENT OF FACTS

The Plaintiffs in this case are The Estate of William DePaolo, Cheryl J. Moran and Barry DePaolo. The Defendant is Elizabeth DeLude-Dix. On the evening of July 25, 2006, the Plaintiff's decedent ,William DePaolo (age 67), accompanied by his son, the Plaintiff Barry DePaolo, and his daughter-in-law, the Plaintiff, Cheryl J. Moran (age 37), were pedestrians lawfully in a crosswalk on America's Cup Avenue in Newport, Rhode Island. America's Cup Avenue is a broad, lit, roadway in this area with two lanes running northbound and two lanes running southbound divided by a wide pedestrian median strip.

As the plaintiffs crossed the first of the two northbound lanes in this area of heavy pedestrian traffic, towards the median strip, William DePaolo and Ms. Moran were struck by a vehicle negligently operated by the Defendant Delude-Dix which was proceeding in the high-speed portion of the northbound lane. As a result of the impact, the plaintiff's decedent, William DePaolo, was caused to be thrown first onto the windshield and then

thrown approximately 30 feet from the impact. Mr. DePaolo suffered a serious head injury that ultimately proved fatal. Ms. Moran witnessed the collision that resulted in the death of her father-in-law. Ms. Moran suffered a closed head injury and an injury to her shoulder. The Plaintiff, Barry DePaolo, who was walking ahead of his wife and father, witnessed the collision.

Following the accident, Mr. DePaolo was transported to Newport Hospital and transferred to Rhode Island Hospital. Although unconscious from the scene, Mr. DePaolo was neurologically stable for the first two days of admission. Thereafter, his neurological signs diminished. Pursuant to advance directives, Mr. DePaolo was removed from all life support systems. Five days following the accident, on July 30, 2006, Mr. DePaolo was pronounced deceased.

As a result of the accident, Ms. Moran suffered a closed head injury and a separated shoulder. As a result of witnessing the accident she suffered mental and emotional injuries and accompanying physical injuries.

Barry DePaolo, who witnessed the accident, suffered serious mental and emotional injuries as well as accompanying physical manifestations.

## PLAINTIFFS' STATEMENT OF ELEMENTS

Pursuant to the Court's Notice and Local Rule 16, Plaintiffs Valerie A. DePaolo (as Administratrix of the Estate of William DePaolo), Cheryl Moran and Barry DePaolo, respectfully submit the following written statement enumerating the elements supporting their claims in this matter. The plaintiffs reserve the right to modify, amend or augment this statement as appropriate in the course of the proceedings.

I. Wrongful Death Claim (Count I)

Valerie DePaolo brings a wrongful death claim, pursuant to R.I.G.L. § 10-7-1, et seq., on behalf of the Estate of her deceased father, William DePaolo. R.I.G.L. § 10-7-1 permits a plaintiff to pursue a wrongful death action when the death of person was caused "by the wrongful act, neglect, or default of another." The Wrongful Death Act permits a plaintiff pursuing a wrongful death claim to recover, inter alia, for the pain and suffering experienced by the decedent.

Thus, these provisions of the Rhode Island Wrongful Death Act permit the administratrix of William DePaolo's estate to recover for both his death and the pain and suffering he experienced prior to his death, as well as other damages to his Estate, that were caused by the negligence of the defendant. See R.I.G.L. § 10-7-1, et seq. In support of this wrongful death claim brought by the Estate of William DePaolo, the plaintiffs will show that, on the evening of July 25, 2006, William DePaolo, while traversing a crosswalk on America's Cup Avenue in Newport, was struck by a vehicle negligently operated by the defendant, Elizabeth Delude-Dix. The impact caused him to be thrown first onto the windshield and then approximately thirty feet from impact. He suffered, among other things, a serious head injury that led to his death on July 30, 2006.

II. Negligence Claim (Count II)

Cheryl Moran brings a negligence claim for the injuries she sustained when she was struck by the vehicle operated by the defendant, Elizabeth Delude-Dix, on July 25, 2006. To prevail on a negligence claim, the plaintiff must demonstrate that the defendant breached a duty of care. Geloso v. Kenny, 812 A.2d 814, 818 (R.I. 2002). Under Rhode Island law, the

plaintiff must further prove proximate cause, "which is established by showing that but for the negligence of the tortfeasor, injury to the plaintiff would not have occurred.'" Mandros v. Prescod, 948 A.2d 304, 310 (R.I. 2008). Finally, the plaintiff must show that she was damaged by the defendant's negligent behavior.

In support of this negligence claim, the plaintiffs will show that, on the evening of July 25, 2006, William DePaolo, while traversing a crosswalk on America's Cup Avenue in Newport, was struck by a vehicle negligently operated by the defendant, Elizabeth Delude-Dix. She sustained injuries as a result of being struck. The defendant had a duty to operate her car in a safe manner, which she breached when she struck pedestrians in a crosswalk. For breaching this duty of care and causing Cheryl Moran's injuries, the defendant is liable to Cherly Moran for her negligence.

III. Negligent Infliction of Emotional Distress Claims (Counts III and IV)

Cheryl Moran and Barry DePaolo bring negligent infliction of emotional distress claims for the distress they suffered after witnessing and experiencing this collision. In Rhode Island, "[o]nly two groups of plaintiffs may bring claims for negligent infliction of emotional distress: [1] those within the 'zone-of-danger' who are physically endangered by the acts of a negligent defendant, and [2] bystanders related to a victim whom they witness being injured." Jalowy v. The Friendly Home, Inc., 818 A.2d 698, 710 (R.I. 2003). "In addition, plaintiffs must 'as a result of experiencing the accident, suffer serious emotional injury that is accompanied by physical symptomatology.'" Perrotti v. Gonicberg, 877 A.2d 631, 636 (R.I. 2005).

In support of these claims, the plaintiffs will demonstrate that, on the evening of July

25, 2006, Cheryl DePaolo, while traversing a crosswalk on America's Cup Avenue in Newport, was struck by a vehicle negligently operated by the defendant, Elizabeth Delude-Dix. Cheryl Moran was in the zone of danger of this incident, as evidenced by the fact that the vehicle operated by the defendant struck her. She is also a close relative of the decedent. She sustained serious emotional injuries in addition to the physical injuries she suffered as a result of being struck by the vehicle.

Although he was not struck by the defendant's vehicle, Barry DePaolo was in the zone of danger of this July 25, 2006 collision and witnessed two close relatives – his father and wife – get struck by the defendant's vehicle. He sustained emotional injuries as a result of the collision.

The Plaintiffs,
Valerie A. DePaolo, Cheryl Moran and
Barry DePaolo
By Their Attorneys,

/s/ Matthew M. Mannix
Sheri L. Pizzi
R.I. Bar No. 5720
Matthew M. Mannix
R.I. Bar No. 7646
TAYLOR, DUANE, BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

(401) 273-7171
(401) 273-2904/Facsimile

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on September 8, 2008, a true and accurate copy of the foregoing document was served via electronic notice (CM/ECF) to:

Faith A. LaSalle
Law Office of Faith A. LaSalle
One Turks Head Place, Suite 1010
Providence, RI 02903

/s/Matthew M. Mannix